# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-273 JRN |
| | § | |
| ALEJANDRO LOPEZ | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on July 6, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

The Defendant was originally sentenced to ten years of imprisonment in the Republic of Mexico on October 26, 2004, for transportation of cocaine. On November 27, 2007, pursuant to a Transfer Treaty Determination, the Defendant was transferred to the custody of the Bureau of Prisons, and his sentence was converted to an 84 month sentence, with 5 years of supervised release. The Defendant's supervision commenced on December 22, 2009.

The Defendant began having problems with his supervision in April 2010, when he was arrested and charged with burglary of a vehicle. As a result, his conditions were modified to require that he reside at a halfway house, and he began residing at the McCabe Center in May 2010. On July

23, 2010, the Defendant was subjected to a random alcohol screening by the McCabe Center, which yielded a result of a .087% blood alcohol level. Shortly thereafter, the Defendant left the McCabe Center. The Defendant also failed to show up at work on July 24, 2010, and missed a drug counseling session on July 27, 2010. Based on this, the Probation Office submitted its petition on July 29, 2010, alleging that the Defendant had violated his conditions by using alcohol, by changing employment without reporting it, by absconding from the McCabe Center, and by missing his counseling session. The undersigned ordered the issuance of a warrant on July 30, 2010.

On August 3, 2010, the Defendant was arrested by the Austin Police Department and charged with evading arrest, driving while intoxicated, and simple possession of cocaine. The charging documents allege that the Defendant led police on a high-speed chase prior to his arrest. On September 15, 2010, the Defendant was convicted of evading arrest and sentenced to 11 months of imprisonment, and on February 7, 2011, he was convicted of DWI and of the original burglary of a vehicle charge, and sentenced to 30 days and 60 days of imprisonment, respectively. The possession of cocaine charge was dismissed. The Probation Office amended its petition on June 21, 2011, to reflect these developments. The Defendant was released from state custody on June 28, 2011, and was transferred to the custody of the U.S. Marshal for a hearing on the amended petition.

On July 6, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) consuming alcohol; (2) failing to report a change in employment; (3) absconding from the McCabe Center; and (4) missing drug counseling sessions.

III.     RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 21 to 27 months of imprisonment.  The Court has considered all of the above, as well as the time the Defendant served in state jail for his new convictions, and the conditions the Defendant endured in the Mexican jails prior to his transfer into the BOP's custody.  Considering all of this, the Court RECOMMENDS that the Defendant be sentenced to 12 months and one day of imprisonment, with no supervised release to follow.

IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of July, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE